FILED

FEB 15 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

United States District Court
For the Northern District of California

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Hector Martinez-Hernandez<br>Defendant. | No. CR-09-0481 DLJ |

On May 6, 2009, the government charged defendant in a single count Indictment with violation of 8 U.S.C. § 1326(a) and (b), being a deported alien found in the United States. On November 18, 2011 defendant filed a motion to dismiss the Indictment alleging improprieties with his prior deportation. The government must prove defendant's prior deportation as an element of an alleged violation of § 1326.

On January 11, 2012 the Court held a hearing on the Motion. At that hearing the government indicated that it had located a tape of defendant's prior deportation hearing at issue, which tape had previously never been located. In order to allow the parties to listen to and have the tape transcribed and to respond on the issue of the impact of the tape, the Court continued the proceedings.

On February 3, 2012, the Court heard argument on Defendant's Motion to Dismiss the Indictment. Maureen Onyeagbako appeared on behalf of the government; Brendan Hickey appeared for defendant. Having considered the arguments of counsel, the papers submitted, the applicable law, and the record in this case, the Court makes the following findings.

United States District Court
For the Northern District of California

**I. BACKGROUND**

Hector Martinez-Hernandez ("Martinez-Hernandez") became a Legal Permanent Resident of the United States in 1992. Martinez-Hernandez was first placed in deportation proceedings in 1996 when he was charged with deportability in an Order to Show Cause dated October 1, 1996. That document alleged that Martinez-Hernandez was deportable under § 241(a)(2)(B)(i) of the Immigration and Nationality Act (INA) because he had been convicted of an offense related to a controlled substance.

Martinez-Hernandez contested deportability in those proceedings but was nevertheless ordered deported by an immigration judge ('IJ') on April 21, 1998. He appealed that order to the Board of Immigration Appeals (BIA), and the BIA elected to administratively close his case.

In 2006, the Department of Homeland Security (DHS) filed a motion to reinstate deportation proceedings against defendant based on allegations of new criminal convictions. Specifically, in 2002 defendant had been convicted of three counts of sale/transportation of a controlled substance in violation of Cal. Health & Safety Code § 11352(a), and Lewd and Lascivious Acts with a Child, in violation of California Penal Code Section 288(a).

The motion to reinstate was granted on January 31, 2007, and Martinez-Hernandez was again placed in deportation proceedings before an immigration judge. Defendant was ordered deported due to failure to appear at deportation proceedings, but once it was ascertained that defendant could not have appeared as he was in custody, that order of deportation was

United States District Court
For the Northern District of California

rescinded.

On April 26, 2007, Martinez-Hernandez appeared before Immigration Judge Anthony Murry in San Francisco. Martinez-Hernandez appeared in custody, without counsel. He informed the court that he had thus far been unable to locate his prior immigration attorney, J. Antonio Nieras, who had represented him in the prior proceedings before the Immigration court and the Bureau of Immigration Appeals. Judge Murry continued the matter for two weeks to give Martinez time to locate Mr. Nieras.

Martinez-Hernandez was brought back before the court two weeks later, on May 10, 2007. At that time, Mr. Nieras appeared telephonically before the court and made a motion to withdraw as counsel of record. The motion was granted. Martinez-Hernandez was unaware until the moment of the hearing that his attorney intended to withdraw. Martinez-Hernandez was then left to proceed at the hearing *pro se*.

During the May 10 hearing there was one point where Martinez-Hernandez indicated he would be willing to accept deportation, but he then reconsidered and asked Judge Murry for time to find an attorney. Judge Murry granted the request and continued the case one week until May 17.

What happened at the deportation hearing on May 17 is not entirely clear. From earlier on in the current proceedings counsel for defendant has been attempting to secure the audio tape of the May 17 hearing. The tape of the hearing could not be located. Only after the government filed its opposition to this motion, was the government for the first time able to

United States District Court
For the Northern District of California

locate the audio recording of the May 17 hearing.

The audio on the tape now has been enhanced as much as possible and the recording has been transcribed. Despite these efforts, large portions of the proceedings are still completely inaudible. On the part of the tape which can be deciphered, there is no audible discussion whatsoever of defendant's attempts to obtain counsel and the results of his efforts and his desires in that regard. It is clear that defendant is not represented at the hearing, but there is nothing on the record to indicate why. Nor is there any discussion on the audio tape specifically as to whether defendant requested more time than the one week which he was granted to find counsel, or whether he agreed after discussion about counsel to proceed *pro se*.

Therefore, the only current information in the record before this court on the issue of counsel at the May 17 hearing comes from the recollection of Martinez-Hernandez as stated in the sworn declaration he attached as part of his motion. See Exhibit 9 to Motion, Declaration of Hector Martinez-Hernandez.

In his sworn declaration, Martinez-Hernandez indicates that in the week between May 10 and May 17 he was unable to locate an immigration attorney. He asserts that when he went before Judge Murry on May 17, he asked the Judge to give him more time to find an attorney, but that the Judge denied his request and proceeded with the removal hearing, leaving Martinez to represent himself. Martinez-Hernandez asserts that he did not affirmatively waive his right to counsel. In all prior immigration proceedings defendant had retained and been represented by counsel. At the conclusion of the May 17

United States District Court
For the Northern District of California

hearing, Martinez-Hernandez was ordered deported from the United States.

In 2009 defendant was found in the United States and was indicted on a single count of illegal re-entry by a deported alien, in violation of 8 U.S.C. § 1326. He has brought this motion to dismiss the indictment alleging that his prior deportation was in violation of his right to counsel and therefore fundamentally unfair.

**II. <u>Legal Standard</u>**

A defendant who is charged with illegal reentry under § 1326, has a Fifth Amendment right to attack his removal order collaterally because the removal order serves as a predicate element of his conviction. <u>United States v. Mendoza-Lopez</u>, 481 U.S. 828, 837-38 (1987) ("Our cases establish that where a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be some meaningful review of the administrative proceeding.")

Under 8 U.S.C. § 1326(d), in order to sustain a challenge to a prior deportation order, the defendant must demonstrate: (1) exhaustion of administrative remedies; (2) that the challenged deportation proceedings improperly deprived the defendant of the opportunity for judicial review; and that (3) the entry of the deportation was fundamentally unfair. 8 U.S.C. § 1326(d); <u>Ubaldo-Figueroa</u>, 364 F.3d 1042, 1048 (9th Cir. 2004).

A deportation order is "fundamentally unfair" if the defendant's due process rights were violated in the deportation

proceeding and he was prejudiced by the defects. See United States v. Ramos, 623 F.3d 672, 680 (9th Cir. 2010) (citing United States v. Pallares-Galan, 359 F.3d 1088, 1095 (9th Cir. 2004)).

To prove prejudice, the alien must prove that there was a plausible ground for relief available but for the deprivation of his rights. See United States v. Leon-Leon, 35 F.3d 1428, 1432 (9th Cir. 1994).

**III. Discussion**

A defendant in an immigration proceeding has a right to an attorney to represent him in his immigration proceedings at no cost to the government. This right is both a statutory and a constitutional due process right. See 8 U.S.C. § 1228(b)(2) See also 8 U.S.C. § 1228(b)(4)(B) ("the alien shall have the privilege of being represented (at no expense to the government) by such counsel, authorized to practice in such proceedings, as the alien shall choose;"); Ram v. Mukasey, 529 F.3d 1238, 1241 (9th Cir. 2008) (In an immigration hearing, defendant has a Fifth Amendment guarantee of due process which includes a required inquiry by the Immigration Court about defendant's desires regarding counsel.").

Therefore, an alien cannot appear *pro se* without a knowing and voluntary waiver of the right to counsel." Id. at 1242. "Although immigration judges may not be required to undertake Herculean efforts to afford the right to counsel, at a minimum they must (1) inquire whether the petitioner wishes counsel, (2) determine a reasonable period for obtaining counsel, and (3) assess whether any waiver of counsel is

knowing and voluntary." Id. at 1241. The government bears the burden of proving a waiver by clear and convincing evidence. United States v. Pallares-Galan, 359 F.3d 1088, 1097 (9th Cir. 2004). Gete v. INS, 121 F.3d 1285, 1293 (9th Cir. 1997).

A Court may not find that the alien has waived his right to counsel where the record is silent on the issue. United States v. Ahumada-Aguilar, 295 F.3d at 949-50. Here, the actual record of the hearing is silent on the issue of defendant's desire for or waiver of counsel. While there may have been discussion about counsel at the May 17 hearing, those discussion are no longer accessible on the tape. The only evidence on the issue before the Court at this juncture on the issue of waiver of counsel is defendant's sworn affidavit where he states he requested additional time for counsel and that the IJ denied his request. Even if the Court were not to credit defendant's affidavit, given the current state of the record, he Court finds that the government has not meet its burden of proof on the issue that defendant's due process rights were met.

The burden then shifts to the defendant to demonstrate that denial of counsel was prejudicial. Defendant argues that a violation of the right to counsel is inherently prejudicial. As support for this proposition he cites cases where the Ninth Circuit has alluded to the importance of the right to counsel. See e.g. Baltazar-Alcazar v. INS, 386 F.3d 940, 947-8 (9th Cir. 2004)(respondents who are unfamiliar with the U.S. legal system and cannot speak English are particularly vulnerable without the assistance of counsel).

United States District Court
For the Northern District of California

The exact question of whether violation of the right to counsel in immigration proceedings is inherently prejudicial had been pending before the Ninth Circuit. On February 6, 2012, the Ninth Circuit issued an opinion in United States v. Reyes-Bonilla, ____ F.3d____, 2012 WL 360771 (9th Cir 2012) addressing this issue. On February 8, 2012, the Ninth Circuit also issued opinions in companion cases, United States v. Borbon and United States v. Contreras-Lopez. These last two opinions were designated "Not for Publication." In Reyes-Bonilla, the Ninth Circuit reversed the District Court's finding that defendant had knowingly waived his right to counsel after failing to be advised of that right in his immigration proceedings. Having then determined that the defendant's due process had been violated, the Court then went on to discuss whether this error was *per se* prejudicial. The Court determined that the error was not *per se* prejudice.

**IV. Conclusion**

For the reasons stated above, the Court finds that there has been no valid waiver of counsel by defendant. In light of the Ninth Circuit's rulings in Reyes-Bonilla, Borbon and Contreras-Lopez the parties are ordered to file briefing addressing the impact of these decision on the pending motion and any other related matters. Defendant shall file his pleading by February 21, 2012. The government shall file a response by February 28, 2012 and this matter is set for hearing on March 2, 2012 at 10:00a.m in the United States Courthouse in Oakland, CA.

IT IS SO ORDERED.

Dated: 2-8-2012

D. Lowell Jensen
United States District Judge

United States District Court
For the Northern District of California